Parole — Revocation — Hearing — Governor The Court of Criminal Appeals' ruling in Case No. A-14729 (Chase v. Page) is not binding as a procedural matter upon the function of the Department of Corrections in recommending revocations to the Governor. Your current practice of advising the violator of the grounds for revocation request, taking his statement, if he gives one, and a review of the case by the Deputy Director and Director of the Department of Corrections before submission — to the Governor is insufficient to comply with the hearing requirements set forth in the Chase v. Page, supra. The duty to conduct the hearing is upon the Office of the Governor. The Attorney General has considered your letter dated July 22, 1969, wherein you state as follows: "The Court of Criminal Appeals' ruling on case No. A-14729 (Chase versus Page) has raised a procedural question with respect to the revocation of paroles. "The opinion includes the following passage: '. . . before a parole is revoked and the parolee recommitted for the remainder of his sentence, he should be advised of the ground upon which revocation is sought and afforded a reasonable opportunity for hearing on whether the conditions of parole were in fact violated.' "With respect to this, we pose the following questions: "1. Is this binding as a procedural matter upon the function of our Department in recommending revocations to the Governor? and, "2. Is our current practice of advising the violator of the grounds for the revocation request, taking his statement if he will give one, and a review of the case by the Deputy Director and Director of the Department of Corrections before submission to the Governor sufficient to comply with this hearing requirement?" Title 57 O.S. 501 [57-501] (1968) et seq., created the Department of Corrections, and established a Division of Probation and Parole. Title 57 O.S. 514 [57-514](d) (1968), made it the duty of the Division of Probation and Parole to "report to the Pardon and Parole Board, for recommendation to the Governor, violations of terms and conditions of paroles." Title 57 O.S. 516 [57-516] (1968), provides as follows: "The Probation Parole Officer shall upon information sufficient to give him reasonable grounds to believe that the parolee has violated the terms of and conditions of his parole, notify the Deputy Director of the Division of Probation and Parole. Said Deputy, if he determines that the facts justify such action, shall issue a warrant for the arrest of any such parolee and any such warrant shall have the force and effect of any warrant of arrest issued by a District Court in this State. Any such parolee shall, after arrest be immediately incarcerated in the nearest county jail to await action of the Governor as to the revocation of his parole." We find no authority for the Division of Probation and Parole, the Deputy Director of the Division of Probation and Parole, or the Director of the Department of Corrections, to conduct an administrative hearing of the nature required by Chase v. Page, supra. Public Officers have only such authority as conferred upon them by law, and such authority must be exercised in the manner prescribed by law Brown v. State Election Board, Okl., 369 P.2d 140. It is, therefore, the opinion of the Attorney General that the Court of Criminal Appeals' ruling in Case No. A-14729 (CLase v. Page) is not binding as a procedural matter upon the function of the Department of Corrections in recommending revocations to the Governor. It is further the opinion of the Attorney General that your current practice of advising the violator of the grounds for revocation request, taking his statement, if he gives one, and a review of the case by the Deputy Director and Director of the Department of Corrections before submission to the Governor is insufficient to comply with the hearing requirements set forth in Chase v. Page, supra. The duty to conduct the hearing is upon the Office of the Governor. (W. Howard O'Bryan Jr.) ** SEE: OPINION NO. 70-245 (1970) **